UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HRISTO POPOV,<br><br>         Plaintiff,<br><br>v.<br><br>KERI KATZ AND JAMES MANGIONE,<br><br>         Defendants. | Case No. 18cv2055-JAH (MDD)<br><br>**ORDER DISMISSING CASE WITH PREJUDICE** |

## **INTRODUCTION**

Pending before the Court is Defendants Keri Katz and James Mangione's (collectively "Defendants") Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. See Doc. No. 3. The motion is fully briefed. Plaintiff Hristo Popov ("Plaintiff") filed a response in opposition to Defendants' motion. See Doc. No. 5. After careful review of the pleadings filed by both parties, and for the reasons set forth below, the Court **DISMISSES** the case **with prejudice**.

## **BACKGROUND**

On September 5, 2018, Plaintiff filed a complaint against Defendants seeking injunctive relief, declaratory relief, and costs of litigation. See Doc. No. 1. Plaintiff alleges that his constitutional rights were violated in state court. Id. Defendants are Superior Court

of San Diego County judges. On October 5, 2018, Defendants filed a motion to dismiss this case with prejudice. See Doc. No. 3. In their motion, Defendants argue that as judges, they have absolute judicial immunity from this suit. Id. Defendants also argue that this case should be dismissed due to abstention and sovereign immunity. Id. Defendants assert that Plaintiff fails to state a cognizable claim under 42 U.S.C. § 1983. Id. Plaintiff filed a response in opposition on November 6, 2018, and Defendants replied to Plaintiff's response on November 8, 2018. See Doc. Nos. 5, 6.

## DISCUSSION

### I. Legal Standard

#### a. Standing

A federal court's judicial power is limited to "cases" or "controversies." U.S. Const., Art. III § 2. A necessary element of Article III's "case" or "controversy" requirement is that a litigant must have "standing" to challenge the action sought to be adjudicated in the lawsuit." Valley Forge College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); LSO, Ltd. V. Stroh, 205 F.3d 1146, 1152 (9th Cir. 2000).

The "irreducible constitutional minimum" of Article III standing has three elements. LSO, 205 F.3d at 1152 (internal quotations omitted). First, plaintiff must have suffered "an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual an imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal citations and quotations omitted). Second, plaintiff must show a causal connection between the injury and the conduct complained of; *i.e.*, "the injury has to be fairly…trace[able] to the challenged action of the defendant, and not…th[e] result [of] the independent action of some third party not before the court." Id. (quoting Simon v. Eastern Ky. Welfare Rights Organization, 426 U.S. 26, 41-42 (1976) (alterations in original). Third, it must be "likely," and not merely "speculative," that the plaintiff's injury will be redressed by a favorable decision. Id. at 561. If the Court finds plaintiff lacks Article III standing, it must dismiss plaintiff's claim

for lack of subject matter jurisdiction under Rule 12(b)(1). Nichols v. Brown, 859 F. Supp. 2d 1118, 1127 (C.D. Cal. 2012).

### b. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. Li v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). "Determining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), a court must assume the truth of all factual allegations an construe the factual allegations in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are "cast in the form of factual allegations." Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003). "Nor does a complaint suffice as if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557). The court may consider facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. Lee v. City of Los Angeles, 250 F.3d 668,

688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir. 1995).

## II. <u>Analysis</u>

### a. <u>Failure to State a Claim</u>

The Court will first address Defendants' motion to dismiss for failure to allege facts that give rise to a § 1983 claim. Defendants argue that Plaintiff has not alleged facts giving rise to a § 1983 claim against Defendants. Doc. No. 3-1 at pg. 9. Defendants also argue that, even if Plaintiff's alleged sufficient facts, Defendants have no authority to provide the relief sought by Plaintiff because Plaintiff's family law case in state court is not assigned to Defendants. <u>Id.</u> Defendants assert that despite Plaintiff alleging that Defendants violated his constitutional rights, Plaintiff fails to allege any facts supporting his allegations. <u>Id.</u> Defendants argue that Plaintiff's allegations just "make clear that Plaintiff is simply unhappy with various rulings made by Defendants." <u>Id.</u>

The Court agrees. In his response in opposition, Plaintiff cites his educational background and asserts his grievances with his state court family law proceedings. Doc. No. 5 at pg. 2. Plaintiff also articulates his discontent with the California state judiciary. <u>Id.</u>

To state a claim under section 1983, a plaintiff must allege two essential elements: (1) violation of a right, privilege or immunity secured by the constitution of the United States, and (2) that the deprivation was committed by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." <u>Graham v. Connor</u>, 490 U.S. 386, 393 (1989) (quoting <u>Baker v. McCollan</u>, 442 U.S. 137, 0144, n. 3 (1979)).

The Court finds Plaintiff fails to allege sufficient facts to support a cognizable legal theory. <u>See</u> <u>Li</u>, 710 F.3d at 999. Plaintiff alleges a §1983 violation against Defendants,

citing that his constitutional rights under the First, Eighth, Ninth, and Fourteenth Amendments were violated, but Plaintiff does not allege facts to support his claims. Instead, Plaintiff cites general grievances with his state court family law proceedings and the California state judiciary as a whole. Due to the state court's judicial immunity barring suit (infra), the Court finds leave to amend is unwarranted.

### b. <u>Absolute Judicial Immunity</u>

The Court also finds Plaintiff's claims are legally frivolous because Defendants possess absolute judicial immunity. Plaintiff seeks injunctive relief against Defendants for state court family law proceedings. The Ninth Circuit has ruled that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." <u>Moore v. Urquhart</u>, 699 F.3d 1094, 1104 (9th Cir. 2018). Here, the Court finds Plaintiff's request is brought against Defendants in their judicial capacity. There is also no indication that a declaratory decree was violated or declaratory relief is unavailable. Accordingly, the Court finds Defendants are immune from suit.

### **CONCLUSION**

Based on the foregoing reasons, the Court **DISMISSES** the complaint **<u>with prejudice</u>**. In light of the Court's decision, it need not address issues relating to abstention and sovereign immunity. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED**.

DATED: February 8, 2019

_____
JOHN A. HOUSTON
United States District Judge

5